CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 1 8 2019
JULIA C. DUDLEY, CLERK
BY: H McDonac
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN RUSSELL WRIGHT, | ) |
| Petitioner, | ) CASE NO. 7:19CV00464 |
| v. | ) MEMORANDUM OPINION |
| WARDEN LEU, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Petitioner, Jonathan Russell Wright, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his life sentence for possession of crack cocaine is unlawful. Upon review of the record, the court concludes that the petition must be summarily dismissed as without merit.

A jury in the United States District Court for the Eastern District of Arkansas found Wright guilty of one count of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In December 2012, that court sentenced Wright to life in prison, pursuant to 21 U.S.C. § 841(b)(1)(A). Wright's appeal was unsuccessful. United States v. Wright, 739 F.3d 1160 (8th Cir. 2014). Thereafter, Wright filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, alleging that "his trial lawyer and his appellate lawyer were ineffective in failing to raise certain issues regarding the issuance of the search warrant pursuant to which the cocaine that resulted in his conviction was discovered." United States v. Wright, No. 4:11CR00168 JLH, 2014 WL 4355180, at *1 (E.D. Ark. Sept. 3, 2014). The trial court reviewed Wright's claims, found them to be without merit, and denied relief. Id. at *5.

Wright, who is confined at a federal prison located in this district, filed his § 2241 petition in June 2019. He contends that this court may grant him relief under § 2241 because of the

Supreme Court's decision on June 17, 2013, in Alleyne v. United States, 570 U.S. 99 (2013). Alleyne held that any fact which increases the mandatory minimum sentence for a crime is an element of that crime that "must be submitted to the jury and found beyond a reasonable doubt." Id. at 103. Because Wright was sentenced before the Alleyne decision, the jury was not asked to make a finding as to the amount of crack cocaine for which Wright was held accountable for sentencing. He argues that this court can now correct the defect by granting him relief under § 2241.

A prisoner must generally use a motion pursuant to § 2255 to collaterally attack the legality of his detention under a federal judgment.[1] 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 petition challenging the lawfulness of a federal inmate's detention unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019).

"[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). Rather, the United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a federal criminal sentence when these specific factors are present:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct

---

[1] Contrary to the government's contention, an inmate may challenge the validity of a criminal sentence that he is not yet serving, but will be required to serve in the future, pursuant to a consecutive sentence or a detainer from another jurisdiction. See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484 (1973) (

2

appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

Wright's § 2241 claim relies on Alleyne. This Supreme Court decision issued while Wright's direct appeal was pending and well before he filed his first § 2255 motion. Thus, Wright cannot meet the second requirement under Wheeler. As such, he has not demonstrated that § 2255 is inadequate and ineffective to test the legality of his sentence, and this court has no jurisdiction to grant the requested sentencing relief under § 2241. Therefore, I will summarily dismiss his petition. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

**ENTERED** this 18th day of July, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3